UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JIMMY LEE KROFT,

    Plaintiff,

v.  Case No. 1:24-cv-99-MW-MJF

RATHAL, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Upon review of Plaintiff's first amended complaint, the undersigned recommends that this action be dismissed as malicious under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) for Plaintiff's failure to disclose honestly and accurately his litigation history.

**I. DISCUSSION**

Plaintiff, a prisoner proceeding *pro se*, commenced this civil action against three Defendants employed by the Florida Department of Corrections. Plaintiff's Florida Department of Corrections inmate number is "X25395."

A. <u>Screening Under the PLRA</u>

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "An action is malicious when a prisoner misrepresents his litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021); *see Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal of prisoner-plaintiff's case for abuse of the judicial process where the prisoner failed to disclose a federal lawsuit he filed after his original complaint but before his amended complaint). This is true "regardless of whether the Plaintiff's response to the question was knowing or intentional." *Ballard v. Broling*, No. 22-12651, 2023 WL 6799147 at *1 (11th Cir. Oct. 16, 2023). Pursuant to a district court's screening obligation under the PLRA, federal courts are required to dismiss a prison's civil action when it is frivolous, is malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

B.   <u>Plaintiff's Disclosures</u>

Section VIII of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation. Doc. 4 at 8. The complaint form expressly warns "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" *Id*.

> The complaint form asks three questions:
>
> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issues involved in this case?
>
> C. Have you file any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id*. at 10–11. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any of these questions, then the plaintiff must disclose <u>all</u> responsive cases. *Id*. at 10–11.

In response to these Questions, Plaintiff responded, "Yes." *Id.* He disclosed the following five cases that he filed in the United States District Court for the Middle District of Florida :

- *Kroft v. Inch*, No. 2:20-cv-396 (M.D. Fla. May 29, 2020);
- *Kroft v. Quaranta*, No. 4:22-cv-275 (M.D. Fla. Apr. 28, 2022);
- *Kroft v. Snider*, No. 2:22-cv-725 (M.D. Fla. Nov. 16, 2022);
- *Kroft v. Snider*, No. 2:22-cv-750 (M.D. Fla. Nov. 29, 2022); and
- *Kroft v. O'Neal*, No. 2:24-cv-258 (M.D. Fla. Mar. 21, 2024).

*Id.* at 11.

At the end of the complaint, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with form, including my litigation history, is true and correct." *Id.* at 12–13.

### C.  **Plaintiff's Omissions**

The undersigned takes judicial notice that when Plaintiff filed his amended complaint, Plaintiff failed to disclose that he filed the following section 1983 action in the United States District Court for the Northern District of Florida and appeal in the Eleventh Circuit Court of Appeals:

- *Kroft v. Walker*, No. 1:24-cv-100 (N.D. Fla.); and

- *Kroft v. Walker*, No. 23-11205 (11th Cir.).

This case and appeal are attributable to Plaintiff because they bear his FDC inmate number X25395. This case and appeal were responsive to Question C.

Because Plaintiff failed to disclose this case and appeal in his amended complaint, Plaintiff violated his duty of candor to the District Court. *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022); *see Redmon*, 414 F. App'x at 226.

### D.   The Materiality of Plaintiff's Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and

hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, information regarding a plaintiff's litigation history assists district courts in determining the plaintiff's experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam); *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves these compelling interests.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew from reading the complaint form that he was required to disclose all prior cases and appeals. Doc. 4 at 9, 12. He

also was aware that the penalty for making false representations to the courts, including failing to disclose his litigation history, was dismissal. *Id.* ("***[F]ailure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***").

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

To the extent Plaintiff was unsure whether he should disclose his cases, the complaint form advises litigants to "err on the side of caution." Doc. 4 at 8. He did not. Rather, he affirmatively stated that he had only filed five lawsuits in federal court.

E.   **The Appropriate Sanction is Dismissal Without Prejudice**

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp.

1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013). Federal courts cannot let false responses to go unpunished. Dismissal without prejudice is an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the District Court with true statements or responses. *Redmon*, 414 F. App'x at 226. Because Plaintiff alleged that the misconduct occurred on December 2, 2022, Florida's four-year statute of limitations likely would not preclude Plaintiff from refiling this action in the near future.

F.   **No Lesser Sanction Would Suffice**

No lesser sanction would suffice to deter plaintiff's conduct. For example, providing Plaintiff another opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of

action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court.

## II. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.     **DISMISS** this case without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2.     **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 11th day of September, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings**

**and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**